Harris County Docket Sheet

# 2017-63133

**COURT:** 189th

**FILED DATE:** 9/25/2017

**CASE TYPE:** Debt/Contract - Consumer/DTPA



## NORTHEASTERN PLASTICS INC

Attorney: LANE, ROBERT C.

### vs.

## ALTERRA EXCESS & SURPLUS INSURANCE COMPA

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Case 4:17-cv-03298 Document 1-2 Filed in TXSD on 10/31/17 Page 1 of 2

Chris Daniel - District Clerk
Harris County
Envelope No: 19637796
By: CUERO, NELSON
Filed: 9/25/2017 11:25 AM

2017-63133 / Court: 189

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED Northeastern Plastics, Inc. and Trader Properties, LLC V. Alterra Excess & Surplus Insurance Co.

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Jennifer Lafata | Email: jennifer.lafata@lanelaw.com | **Person or entity completing sheet is:** |
|---|---|---|
| | | ☐ Attorney for Plaintiff/Petitioner |
| | | ☐ *Pro Se* Plaintiff/Petitioner |
| | | ☐ Title IV-D Agency |
| Address: 6200 Savoy, Suite 1150 | Telephone: 713.595.8215 | ☑ Other: Paralegal |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

Northeastern Plastics, Inc.

Trader Properties, LLC

Defendant(s)/Respondent(s):

Alterra Excess & Surplus Ins. Co.

Markel Service Inc.

[Attach additional page as necessary to list all parties]

| Address: 6200 Savoy, Suite 1150 | Telephone: 713.595.8215 |
| City/State/Zip: Houston, TX 77036 | Fax: 713.595.8201 |
| Signature: | State Bar No: |

**Additional Parties in Child Support Case:**

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☑ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | | | ☐ Support Order |
| ☐ Other Foreclosure | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Non-Competition | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Other Contract: | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Other: | ☐ Grandparent Access |
| | | | | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☑ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

**EXHIBIT 2**

Certified Document Number: 76753661 - Page 1 of 2

9/25/2017 11:32:07 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 19637796
By: CUERO, NELSON
Filed: 9/25/2017 11:11:25 AM

CIVIL PROCESS REQUEST

## 2017-63133 / Court: 189

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): __Plaintiffs' Original Petition with Discovery__

FILE DATE OF MOTION: _____ O9/25/2O17 _____
                              Month/      Day/      Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: __Alterra Excess & Surplus Insurance Company__

   ADDRESS: __333 Guadalupe, Austin, Texas 78701__

   AGENT, (if applicable): __Texas Commissioner of Insurance__

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- ☐ MAIL                                ☒ CERTIFIED MAIL
- ☐ PUBLICATION:
     Type of Publication:  ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: __Markel Service Incorporated__

   ADDRESS: __1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140__

   AGENT, (if applicable): __CT Corporation System__

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☒ CIVIL PROCESS SERVER - Authorized Person to Pick-up: __Mach 5__  Phone: __713-655-7239__
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
     Type of Publication:  ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: __Robert C. Lane__          TEXAS BAR NO./ID NO. __24046263__

MAILING ADDRESS: __6200 Savoy Drive, Suite 1150, Houston, Texas 77068__

PHONE NUMBER: __713__   __595-8200__      FAX NUMBER: __713__   __595-8201__
              area code   phone number                area code   fax number

EMAIL ADDRESS: __notifications@lanelaw.com__

## EXHIBIT 2

CIV/C108 Revised 9/3/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____     AMENDED PETITION
_____     SUPPLEMENTAL PETITION

COUNTERCLAIM
_____     AMENDED COUNTERCLAIM
_____     SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____     AMENDED CROSS-ACTION
_____     SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____     AMENDED THIRD-PARTY PETITION
_____     SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____     AMENDED INTERVENTION
_____     SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____     AMENDED INTERPLEADER
_____     SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
      ORDER TO: _____
                              (specify)

      MOTION TO: _____
                              (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Chris Daniel District Clerk

**EXHIBIT 2**

CIVC308 Revised 9/3/99

9/25/2017 11:32 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19637796
By: Nelson Cuero
Filed: 9/25/2017 11:11 AM

## 2017-63133 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| **NORTHEASTERN PLASTICS, INC.** | § | **IN THE DISTRICT COURT OF** |
| **AND TRADER PROPERTIES, LLC,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALTERRA EXCESS & SURPLUS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MARKEL SERVICE INCORPORATED,** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Northeastern Plastics Inc. ("Northeastern") and Trader Properties, L.L.C. ("Trader") (collectively referred to as "Plaintiffs"), by and through the undersigned counsel, files this *Plaintiffs' Original Petition*, complaining of Alterra Excess & Surplus Insurance Company (hereinafter "Alterra") and Markel Service Incorporated (hereinafter "Markel") (collectively referred to as "Defendants") and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1.   Plaintiffs intend discovery to be conducted under Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

### II.
### PARTIES

2.   Plaintiffs are Texas companies that own real property and do business in Harris County, Texas.

3.   Defendant, Alterra, was at all relevant times doing business in the state of Texas. Alterra is an insurance company with its principal place of business outside of Texas and does not maintain a registered agent for service. Alterra may be served by serving the Texas

Certified Document Number: 76753660 - Page 1 of 11

**EXHIBIT 2**

Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Secretary, Legal Department, Markel Midwest, Ten Parkway North, Deerfield, Illinois 60015.

4.      Defendant Markel is an insurance company engaging in the business of insurance in the State of Texas.  Markel is a Foreign For-Profit Corporation with its principal place of business outside of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.  Service is hereby requested.

### III.
### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

6.      This Court has jurisdiction over Defendants because these Defendants are insurance companies that engage in the business of insurance in Texas, and Plaintiffs' causes of action arise out of these Defendants' business activities in Texas.

7.      Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Harris County, Texas.  Furthermore, venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

Certified Document Number: 76753660 - Page 2 of 11

2

**EXHIBIT 2**

## IV.
## FACTUAL BACKGROUND

8.   Plaintiffs are the owners of a Commercial Property Insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendants.

9.   Defendants sold and issued Plaintiff the Policy insuring the Property against damages caused by a number of perils, including vandalism and building damage caused by the breaking in or exiting of burglars.

10.  On or about July 29, 2015, Plaintiffs owned and operated a business located at 14221 Eastex Freeway, Houston, Texas 77032, located in Harris County (hereinafter referred to as "the Property").

11.  On or about July 29, 2015, the Property described above sustained severe damages due to vandalism and the breaking in and exiting of burglars.

12.  Plaintiff duly notified Defendants of the damage sustained and asked that Defendants pay for damages to the Property and other damages covered by the terms of the Policy.

13.  Defendants then assigned Plaintiff Claim No. MXBP36468 (hereinafter "the Claim").

14.  After investigation, Defendants ultimately denied the loss in its entirety, disclaiming any coverage for the damage to the property due to vandalism and damage caused by the entry or exiting of burglars.

15.  Defendants' written claim denial was not provided to Plaintiffs until on or around March 11, 2016, almost six (6) months after the claim was made.

16.  As set forth below, Defendants failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiffs' Claim by:

     a)   Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;



**EXHIBIT 2**

Certified Document Number: 76753660 - Page 3 of 11

Certified Document Number: 76753660 - Page 4 of 11

b)      Underpaying some of Plaintiffs' Claim by not providing full coverage for damages sustained to the Property;

c)      Improperly and inadequately scoping the damages to the Property during Defendants' investigation; and

d)      Continuing to delay in the payment of damages to the Property.

17.    Additionally, Defendants breached their contractual obligations to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy.  Notably, Defendants refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

18.    Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

19.    Defendants continue to delay in the payment of the damage to the Property despite Plaintiffs' requests.  Accordingly, Plaintiffs have still not been paid in full for the damages to the Property.

20.    As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION

**BREACH OF CONTRACT**

21.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

22.    Although Plaintiffs fully cooperated with Defendants, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise

4

**EXHIBIT 2**

satisfied, Defendants failed and refused to pay to Plaintiffs the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

23.    Plaintiffs were required by the actions of Defendants to retain the services of undersigned counsel and agreed to pay undersigned counsel reasonable attorney's fees.

24.    Defendants' breach proximately caused Plaintiffs' injuries and damages.

## UNFAIR SETTLEMENT PRACTICES

25.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

26.    Defendants violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim.  All of Defendants' violations are actionable pursuant to TEX. INS. CODE § 541.151.

27.    Defendants engaged in the following unfair settlement practices:

a)    Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

b)    Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendants' liability under the Policy was reasonably clear.  Specifically, Defendants failed to make an attempt to settle the Claim fairly despite the fact that Defendants were aware of the liability to Plaintiffs under the Policy.

c)    Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendants' denial of the claim or offer of a compromise settlement of the Claim.  Specifically, Defendants' claim decision was untimely and it failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

**EXHIBIT 2**

Certified Document Number: 76753660 - Page 5 of 11

d)  Pursuant to Tex. Ins. Code § 541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

e)  Pursuant to Tex. Ins. Code § 541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendants' outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiffs' Property.

28. Each of the foregoing unfair settlement practices was committed with knowledge by Defendants, and was a producing cause of Plaintiffs' injuries and damages.

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

29. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Additionally, Defendants made misrepresentations about Plaintiffs' insurance policy and claim in violation of Tex. Ins. Code § 541.061. All of Defendants' violations are actionable pursuant to Tex. Ins. Code § 541.151.

31. Defendants engaged in deceptive insurance practices making an untrue statement of material fact in violation of § 541.061(1). Specifically, Defendants represented that Plaintiffs' property damages were not covered under the policy, even though Plaintiffs' property damage was the result of a peril covered under the policy.

32. Each of the foregoing unfair settlement practices was committed with knowledge by Defendants, and was a producing cause of Plaintiffs' injuries and damages.

Certified Document Number: 76753660 - Page 6 of 11

6

**EXHIBIT 2**

**PROMPT PAYMENT OF CLAIMS VIOLATIONS**

33.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing

paragraphs.

34.    Plaintiffs' Claim was made under the insurance Policy issued by Defendants, of which

Plaintiffs gave Defendants proper notice.  As set forth more fully below, Defendants'

conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is

made actionable by TEX. INS. CODE § 542.060.

35.    Specifically, Defendants violated the Prompt Payment of Claims provisions of TEX. INS.

CODE § 542 by:

a)    Failing to notify Plaintiffs in writing of its acceptance or rejection of the full and
entire Claim within the applicable time constraints provided by TEX. INS. CODE §
542.056; and

b)    Delaying payment of the Claim following Defendants' receipt of all items,
statements, and forms reasonably requested and required, longer than the amount
of time provided by TEX. INS. CODE § 542.058.  Specifically, Defendants delayed
full payment of the Claim and, to date, Plaintiffs have still not received any payment
on this Claim.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH**

36.    Plaintiffs incorporates by reference all facts and circumstances set forth under the

foregoing paragraphs.

37.    Since Plaintiffs initially presented the Claim to Defendants, the liability of Defendants to

accept coverage for the full claim in accordance with the terms of the Policy was reasonably

clear.  Plaintiffs' property sustained damages due to vandalism and the entry and exiting

of burglars, perils clearly covered under the policy.  Despite this fact, Defendants sought

Certified Document Number: 76753660 - Page 7 of 11

7

**EXHIBIT 2**

out to deny Plaintiffs' claim without a reasonable basis and issued a claim decision disclaiming any coverage for the claim.

38. As a result of Defendants' outcome-oriented investigation, Defendants continue to refuse to pay Plaintiffs in full for the Claim.

39. Defendants denied coverage and delayed payment for the full amount of Plaintiffs' claim without a reasonable basis for doing so. Defendants knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear, and their failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

40. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

42. Plaintiffs would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiffs.

43. Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are

Certified Document Number: 76753660 - Page 8 of 11

**EXHIBIT 2**

a direct result of Defendants' improper handling of the Claim in violation of the laws set forth above.

44.     For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

45.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, court costs, and attorneys' fees.   For Defendants' knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE § 541.152.

46.     Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

47.     For the breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach and exemplary damages.

48.     As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

49.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking monetary relief of over $1,000,000.00.

**EXHIBIT 2**

## VIII.
## <u>JURY DEMAND</u>

50.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and

        hereby tender the appropriate jury fee.

## IX.
## <u>REQUEST FOR DISCLOSURE</u>

51.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose

        the information or material described in Rule 194.2.

52.     Attached to this petition are Plaintiffs' Requests for Production and Plaintiff's

        Interrogatories.

## X.
## <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof,

final judgment be rendered for Plaintiffs as follows:

1)     Judgment against Defendants for actual damages in an amount to be determined by
       the jury;

2)     Statutory penalties;

3)     Treble damages;

4)     Exemplary and punitive damages;

5)     Prejudgment interest as provided by law;

6)     Post-judgment interest as provided by law;

7)     Attorneys' fees;

8)     Costs of this suit; and

9)     Such other and further relief to which Plaintiffs may be justly entitled.

Certified Document Number: 76753660 - Page 10 of 11

10



Respectfully submitted,


**THE LANE LAW FIRM, PLLC**

By: /s/ Robert C. Lane
Robert C. Lane
State Bar No. 24046263
Jack Kitchen
State Bar No. 24084320
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 76753660 - Page 11 of 11

11

# EXHIBIT 2

Chris Daniel - District Clerk
Harris County
Envelope No: 19637796
By: CUERO, NELSON
Filed: 9/25/2017 11:11:25 AM

**2017-63133 / Court: 189**

| | | |
|---|---|---|
| NORTHEASTERN PLASTICS, INC. | § | IN THE DISTRICT COURT OF |
| AND TRADER PROPERTIES, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALTERRA EXCESS & SURPLUS | § | |
| INSURANCE COMPANY AND | § | |
| MARKEL SERVICE INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' INTERROGATORIES TO DEFENDANTS ALTERRA EXCESS & SURPLUS INSURANCE COMPANY AND MARKEL SERVICES INCORPORATED

TO:   Defendants, Alterra Excess & Surplus Insurance Company and Markel Services Incorporated, by and through its registered agent for service of record, Markel Midwest, Ten Parkway North, Deerfield, Illinois 60015.

   Plaintiffs request that Defendants take notice that you are required, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to serve on the undersigned, within fifty-one (51) days after the service of this notice, your answers to the interrogatories that are set forth below.   Your answers must be in writing and provided under oath.   Please note that you have a duty to supplement your answers to these interrogatories should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,
THE LANE LAW FIRM, PLLC

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
lane@lanelaw.com
Jack D. Kitchen
State Bar No. 24084320
Jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150

1

Certified Document Number: 76753663 - Page 1 of 9

**EXHIBIT 2**

Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2017, the foregoing discovery was filed with Plaintiffs' Original Petition for service to the following:

Markel Midwest
Ten Parkway North
Deerfield, Illinois 60015
**AGENT FOR DEFENDANTS
ALTERRA EXCESS & SURPLUS
INSURANCE COMPANY AND
MARKEL SERVICES INCORPORATED**

*/s/ Robert C. Lane*
Robert C. Lane

Certified Document Number: 76753663 - Page 2 of 9

**EXHIBIT 2**

# I.
## DEFINITIONS AND INSTRUCTIONS

A.    The terms "Defendant," "you," and "yours," as used herein shall refer to the defendants Alterra Excess & Surplus Insurance Company and Markel Services Incorporated in this action.

B.    The term "Property" shall refer to the property located at 14221 Eastex Freeway, Houston, Texas 77032.

C.    The term "Plaintiffs" as used herein shall refer to Northeastern Plastics Inc. and Trader Properties, LLC and all of their agents or attorneys purporting to act on their behalves, whether authorized to do so or not.

D.    The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

E.    "The Policy" means the insurance policy that is the basis of claims made against Defendants in this lawsuit.

F.    The "Event" as used herein shall refer to the loss event made the basis of the Claim.

G.    "Date of Loss" shall refer to the day the Event occurred.

H.    "Insured Location" means the real property at the location described in the Policy declarations.

I.    "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

J.    "The Claim" means the insurance claim made the basis of the breach of contract claim against Defendant in this lawsuit.

K.    "Written Communication" means the conveyance of information by a writing, whether by letters, emails, memoranda, handwritten notes and/or faxes.

L.    "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

3

Certified Document Number: 76753663 - Page 3 of 9

**EXHIBIT 2**

M.    "Date" means the exact date, month and year, if ascertainable, or if not, the best available approximation.

N.    The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following:  contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all writings of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

O.    The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

P.    To "identify" a document shall include a statement of the following:

    1.    the title, heading, or caption, if any, of such document;

    2.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document or evaluation of any claim of protection from discovery;

    3.    the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

    4.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

    5.    the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and

Certified Document Number: 76753663 - Page 4 of 9

**EXHIBIT 2**

shall give the name of the person who prepared it;

6.      the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7.      the physical location of the document and the name of its custodian;

8.      whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

Q.      To "identify" a person shall include a statement of the following, where applicable:

1.      the full name of the person, if known; (if not known, the answer shall so state);

2.      the person's employer, job title (if known), address, and telephone number at the time of the event, transaction, or occurrence to which the interrogatory relates;

3.      if different from the information above, the person's last known employer, job title, address, and telephone number; (If not known, the answer shall so state); and

4.      the person's present residential address and telephone numbers, if known.

R.      To "identify" a communication means to state:

1.      the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2.      by whom each person was employed and who each person represented or purported to represent in making such communication;

3.      the substance of the communication;

4.      the date and place of such communication;

5.      the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6.      the physical location of each such document and the name of its custodian; and

7.      whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

5

Certified Document Number: 76753663 - Page 5 of 9

**EXHIBIT 2**

## II.
## GENERAL INSTRUCTIONS

1.     In answering these interrogatories, please furnish all information that is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2.     If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3.     Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

4.     If privilege of work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

5.     In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

6.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.


## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify each person participating in the preparation of answers to these interrogatories, supplying information used in such preparation, or contacted by you to answer or offer any input into answering these interrogatories.  As to each person so identified, indicate the interrogatories with respect to which the person was involved.  Further, state your relationship to each such person.

**ANSWER:**

Certified Document Number: 76753663 - Page 6 of 9

**EXHIBIT 2**

**INTERROGATORY NO. 2:**       Identify the persons involved in the investigation and handling of Plaintiffs' claim for insurance benefits, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

**ANSWER:**

**INTERROGATORY NO. 3:**       With regard to any conversation, communication or meeting between you and Plaintiffs regarding the subject of the litigation:

    a.  state the date of the conversation, communication or meeting;

    b.  identify all persons present at or privy to the conversation, communication or meeting and all persons with knowledge of the matters discussed at the meeting;

    c.  state in detail what was discussed during the conversation, communication or meeting; and

    d.  identify all documents relating, incident to or resulting from the conversation, communication or meeting.

**ANSWER:**

**INTERROGATORY NO. 4:**       State whether you contend that Plaintiffs did not provide you with requested information that was required for you to properly evaluate Plaintiffs' claim.  If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 5:**       State the following concerning notice of claim and claim correspondence:

    a.  The date and manner in which you received notice of the claim;
    b.  The date and manner in which you acknowledged receipt of the claim;
    c.  The date and manner in which you commenced investigation of the claim;
    d.  The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant;
    e.  The date you received from Plaintiff all items, statements, and forms that you reasonably believed would be required from Plaintiff; and
    f.  The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**ANSWER:**

Certified Document Number: 76753663 - Page 7 of 9

**EXHIBIT 2**

**INTERROGATORY NO. 6:**          State every basis, in fact and in terms of the Policy, for your denial of Plaintiffs' claim, or any portion of Plaintiffs' claim.

**ANSWER:**

**INTERROGATORY NO. 7:**          State the legal theories and describe the factual bases for your contention that Defendants fully complied with each of the claims handling requirements codified in Texas Insurance Code Section 541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 8:**          State the legal theories and describe the factual bases for your contention that Defendants fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

**ANSWER:**

**INTERROGATORY NO. 9:**          When was the date you anticipated litigation?

**ANSWER:**

**INTERROGATORY NO. 10:**     Please state whether, during the course of your claim investigation, you found any evidence of damage to the property due to vandalism, and if so, identify said evidence.

**ANSWER:**

**INTERROGATORY NO. 11:**          Please state whether, during the course of your claim investigation, you found any evidence of damage to the property due to the entry and exiting of burglars, and if so, identify said evidence.

**ANSWER:**

**INTERROGATORY NO. 12:**          Do you contend that the insured premises were damaged by any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

**INTERROGATORY NO. 13:**          Do you contend that Plaintiff failed to satisfy any condition precedent to recovery or that any act or omission by the Plaintiff voided, nullified, waived, or breached the insurance policy in any way?   If so, state the general factual bases for this contention(s).

Certified Document Number: 76753663 - Page 8 of 9

**EXHIBIT 2**

**ANSWER:**

**INTERROGATORY NO. 14:**      Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with claims for damage due to vandalism or the entry or exiting of burglars.

**ANSWER:**

**INTERROGATORY NO. 15:**      Please state whether, during the course of your claim investigation, you found any evidence that the property was vacant, as that term is defined in the policy, as of May 29, 2015.

**ANSWER:**

**INTERROGATORY NO. 16:**      Please identify any evidence in your possession that shows that the property was vacant, as that term is defined in the policy, as of May 29, 2015.

**ANSWER:**

**INTERROGATORY NO. 17:**      Please state whether, during the course of your claim investigation, you conferred with any law enforcement officials to inquire as to whether they found any evidence of damage to the property due to vandalism, as that term is defined in the policy.

**ANSWER:**

Certified Document Number: 7675363 - Page 9 of 9

**EXHIBIT 2**

Chris Daniel District Clerk
Harris County
Envelope No: 19637796
By: CUERO, NELSON
Filed: 9/25/2017 11:11:25 AM

## 2017-63133 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| NORTHEASTERN PLASTICS, INC. | § | IN THE DISTRICT COURT OF |
| AND TRADER PROPERTIES, LLC, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALTERRA EXCESS & SURPLUS | § | |
| INSURANCE COMPANY AND | § | |
| MARKEL SERVICE INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR PRODUCTION OF DEFENDANTS ALTERRA EXCESS & SURPLUS INSURANCE COMPANY AND MARKEL SERVICES INCOROPRATED

TO:     Defendants, Alterra Excess & Surplus Insurance Company and Markel Services Incorporated, by and through their registered agent for service of record, Markel Midwest, Ten Parkway North, Deerfield, Illinois 60015.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants take notice that you are required to serve your responses to Plaintiffs' Requests for Production within fifty-one (51) days after the service of this notice.  Your answers must be in writing and provided under oath.  Please note that you have a duty to supplement your answers should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,
**THE LANE LAW FIRM, P.L.L.C.**

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
lane@lanelaw.com
Jack D. Kitchen
State Bar No. 24084320
Jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150

1

**EXHIBIT 2**

Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2017, the foregoing discovery was filed with Plaintiffs' Original Petition for service to the following:

Markel Midwest
Ten Parkway North
Deerfield, Illinois 60015
**AGENT FOR DEFENDANTS,**
**ALTERRA EXCESS & SURPLUS**
**INSURANCE COMPANY AND**
**MARKEL SERVICES INCORPORATED**

*/s/ Robert C. Lane*
Robert C. Lane

2

**EXHIBIT 2**

## A.   **Instructions and Definitions**

1.     Answer each request for documents separately by listing the documents and by describing them as defined below.  If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.     <u>Log</u>.  For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document you claim is not discoverable, state the date of the document, the name, job title and address of the person who prepared it; the name, job title and address of the person now in possession of the document; a general description of the subject matter of the document; and the present location and the custodian of the document.

3.     <u>Lost/Destroyed Documents</u>.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.     <u>Document Format</u>.  Pursuant to Rule 196.4 of the Texas Rules of Civil Procedure, you are requested to produce any responsive documents that are in electronic or magnetic form.  If reasonably available, the data should be produced in printed form.  Otherwise, such data should be produced in the form in which it is maintained or stored together with a description of the necessary electronic or magnetic retrieval methods and the means to so retrieve (if such methods are otherwise unavailable to Plaintiff).

5.     "All" shall mean "any," and vice versa.

6.     "And" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of the Requests any information or documents which might otherwise be considered beyond its scope.

7.     "Communications" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

8.     "Relating to," "concerning," "pertaining to," "regarding," "reflecting," "in connection with" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

9.     "Describe" or "state" shall mean to represent, delineate, and give an account of in words any and all information allowed to the fullest extent of the law.

Certified Document Number: 76753664 - Page 3 of 9

# EXHIBIT 2

11.    "Document" or "documents" shall mean all documents and tangible things as defined by Rule 192.3(b) of the Texas Rules of Civil Procedure, including, but not limited to, all written, reported, recorded, printed or typed or graphic matter, and tangible things, however produced or reproduced, now or at any time in the possession, custody or control of you, including but not limited to all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, electronic data, magnetic data, files (see next definition), letters, correspondence, telegrams, telexes, electronic mail, cables, telephone records, logs and notations, intra summaries, messages, audio tapes, digital recordings, computer discs or tapes, computer programs and software, film, invoices, purchase orders, ledgers, journals and other formal and informal books of record and account, calendars, minutes, bulletins, instructions, work assignments, reports, memoranda, notes, notebooks, speeches, brochures, overhead slides, drafts, data announcements, public and governmental filings, opinions, worksheets, statistics, contracts, agreements, press releases, public statements and/or announcements, parts lists, Bill of Material (BOMs), production plans or forecasts, inventory lists (including work in progress and finished goods), parts orders and forecasts, intra-corporate drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the original, and shall be deemed to include all tangible items not otherwise referred to above.

12.    "Files" shall mean and refer to any compilation or "documents" in a folder, box, binder, file, or other device for the purpose of storing, organizing, or otherwise, and all "files" shall be identified as to source and location in connection with the production of "documents" and/or "files."

13.    As used herein, the term "person" includes any individual, partnership, company, proprietorship, association, corporation, joint venture, firm, trust, business, or any other legal entity whether public or private.

14.    All entities named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

15.    "Defendants", "you", and "yours" shall mean Alterra Excess & Surplus Insurance Company and Markel Services Incorporated, as applicable, each of its subsidiaries, divisions, affiliates, partners, or parents, and any of its officers, directors, employees, agents, representatives, or other persons or entities acting on its behalf or under its direction or control.

16.    The term "Plaintiffs" as used herein, shall refer to Northeastern Plastics Inc. and Trader Properties, L.L.C., plaintiffs named in the above-referenced lawsuit, as well as its agents and representatives, or other persons acting on his behalf or under their direction or control.

17.    The term "Property" as used herein shall refer to at 14221 Eastex Freeway, Houston, Texas 77032.

4

**EXHIBIT 2**

Certified Document Number: 76753664 - Page 4 of 9

18.     The term "Record(s)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind.

19.     The "Event" as used herein shall refer to the loss made the basis of Plaintiffs' insurance claim bearing Claim No. MXBP36468.

20.     "Date of Loss" shall refer to the day the Event occurred.

21.     "The Claim" means the insurance claim made the basis of the breach of contract claim against Defendant in this lawsuit.

## B.     REQUEST FOR PRODUCTION OF DOCUMENTS, ITEMS AND THINGS

**REQUEST NO. 1:**    The claim files from the home, regional or local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.  If none, state "none."

**RESPONSE:**

**REQUEST NO. 2:**    The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.  If none, state "none."

**RESPONSE:**

**REQUEST NO. 3:**    A certified copy of the insurance policy made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 4:**    The electronic diary, including the electronic and paper notes made by Defendants' claims personnel, contractors, and third party adjuster/adjusting firms relating to the Plaintiffs' claims.

**RESPONSE:**

**REQUEST NO. 5:**    All emails or any other form of written communication that in any way relates to the claim made the basis of this suit.

**RESPONSE:**

Certified Document Number: 76753664 - Page 5 of 9

-5-

**EXHIBIT 2**

**REQUEST NO. 6:**   Your current written procedures or policies (including documents maintained in electronic form) that pertain to the handling of claims for vandalism or damage caused by the entry and exiting of burglars.

**RESPONSE:**

**REQUEST NO. 7:**   Any adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

**RESPONSE:**

**REQUEST NO. 8:**   True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST NO. 9:**   Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST NO. 10:**   Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST NO. 11:**   Any repair reports prepared concerning the Property.

**RESPONSE:**

**REQUEST NO. 12:**   The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST NO. 13:**   All emails, instant messages and internal correspondence regarding the investigation, adjusting, payment and/or handling of the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 14:**   Any videotapes, photographs or recordings of the property, taken within the last five years, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**EXHIBIT 2**

Certified Document Number: 76753664 - Page 6 of 9

**REQUEST NO. 15:**  The assigned adjuster's damage estimates, photos, and scope of damage.

**RESPONSE:**

**REQUEST NO. 16:**  The correspondence between the Defendant insurer and the third party adjuster/adjusting firms, engineers and other estimators who worked on the Claim that pertain to the claims at issue in this suit.

**RESPONSE:**

**REQUEST NO. 17:**  Plaintiffs' file from the office of their insurance agent.

**RESPONSE:**

**REQUEST NO. 18:**  All memos between adjuster, supervisor and management pertaining to the claim made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 19:**  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representative and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling claims for vandalism or damage due to the entry and exiting of burglars in Texas.  This request is limited to any of the above issued in the last three (3) years.

**RESPONSE:**

**REQUEST NO. 20:**  For the past five (5) years, any and all lawsuits related to claims handling involving the adjuster(s) or personnel assigned to Plaintiffs' claim. This can be in the form of a list detailing the information above with the style of the lawsuit, court, county, causes of action made the basis of the lawsuit, the type of insurance claim made the basis of the lawsuit, the year the lawsuit was filed and whether the lawsuit is still pending or not.

**RESPONSE:**

**REQUEST NO. 21:**  For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiffs' claim that pertain to disciplinary actions associated with claims handling and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST NO. 22:**  The managerial bonus or incentive plan for the manager(s) assigned to or responsible for Plaintiffs' claim.

**EXHIBIT 2**

Certified Document Number: 76753664 - Page 7 of 9

**RESPONSE:**

**REQUEST NO. 23:**   The bonus or incentive plan for the adjuster(s) assigned to Plaintiffs' claim.

**RESPONSE:**

**REQUEST NO. 24:**   All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant Company, regarding Plaintiffs' claim.

**RESPONSE:**

**REQUEST NO. 25:**   If a third party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST NO. 26:**   Any and all activity logs relating to Plaintiffs' insurance claim made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 27:**   All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 28:**   Any police report related to the claim made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 29:**   Any item, document or thing in your possession that depicts or is evidence of damage to the property due to vandalism.

**RESPONSE:**

**REQUEST NO. 30:**   Any item, document or thing in your possession that depicts or is evidence of damage to the property due to the entry and exiting of burglars.

**RESPONSE:**

**REQUEST NO. 31:**   Any item, document or thing in your possession that is evidence that the property was vacant, as that term is defined in the policy, as of May 29, 2015.

**EXHIBIT 2**

Certified Document Number: 76753664 - Page 8 of 9

**RESPONSE:**

**REQUEST NO. 32:**  Any item, document or thing in your possession that you relied upon as a basis for your claim denial letter dated March 11, 2016.

**RESPONSE:**

Certified Document Number: 7675364 - Page 9 of 9

**EXHIBIT 2**



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED _____

## Civil Process Pick-Up Form

**\*CAUSE NUMBER:** 2017 03133

ATY_____   CIV_____   COURT 189th

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY:** Lane, Robert C.   **\*PH:** 713-595-8200

**\*CIVIL PROCESS SERVER:** Mach 5 _____ Box _____

**\*PH:** 713-655-7239

**\*PERSON NOTIFIED SVC READY:** _____

**\* NOTIFIED BY:** _____

**\*DATE:** _____

---

### \*TYPE OF SERVICE AND TRACKING NUMBER(S)

Type of Service Document: WT      Tracking Number 73419904
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____

**\*Process papers prepared by:** Justina V. Lemon

**\*Date:** 10.3 _____ 2017   **\* 30 days waiting** 11 - 3 -2017

---

**\*Process papers released to:** Mark Gardner
                                   (PRINT NAME)

**\*(CONTACT NUMBER)** _____   (SIGNATURE)

**\*Process papers released by:** _____
                                   (PRINT NAME)

                                   (SIGNATURE)

**\* Date:** 6 Oct _____, 2017 **\* Time:** 8:55 ____ AM / PM

---

**\*Information must be completed**   **EXHIBIT 2**

Certified Document Number: 76970827 - Page 1 of 1

10/12/2017 5:35 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20041204
By: ARIONNE MCNEAL
Filed: 10/12/2017 5:35 PM

**CAUSE NO. 2017-63133**

| | | |
|---|---|---|
| NORTHEASTERN PLASTICS, INC. AND | § | |
| TRADER PROPERTIES, LLC., | § | |
| **PLAINTIFF** | § | IN THE 189TH DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TX |
| | § | |
| ALTERRA EXCESS & SURPLUS INSURANCE | § | |
| COMPANY AND MARKEL SERVICE | § | |
| INCORPORATED, | § | |
| **DEFENDANT** | | |

**RETURN OF SERVICE**

 **ON Monday, October 9, 2017 AT 11:21 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFFS' INTERROGATORIES TO DEFENDANTS ALTERRA EXCESS & SURPLUS INSURANCE COMPANY AND MARKEL SERVICES INCORPORATED, PLAINTIFFS' REQUEST FOR PRODUCTION OF DEFENDANTS ALTERRA EXCESS & SURPLUS INSURANCE COMPANY AND MARKEL SERVICES INCORPORATED for service on MARKEL SERVICE INCORPORATED (A FOREIGN FOR-PROFIT CORPORATION), C/O REGISTERED AGENT C T CORPORATION SYSTEM came to hand.

**ON Thursday, October 12, 2017 AT 11:55 AM, I, CAROL THARP, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** MARKEL SERVICE INCORPORATED (A FOREIGN FOR-PROFIT CORPORATION), C/O REGISTERED AGENT C T CORPORATION SYSTEM, C/O BY DELIVERING TO ANA GUEL, SOP INTAKE ASSOCIATE, 1999 BRYAN ST SUITE 900, DALLAS, DALLAS COUNTY, TX, 75201.

My name is CAROL THARP. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 1222, expires Thursday, April 30, 2020). My date of birth is July 24, 1946. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, Texas on Thursday, October 12, 2017.


/S/ CAROL THARP




NORTHWEASTERN PLASTICS, INC

DocID: P248127_1

Certified Document Number: 76997617 - Page 1 of 1

**EXHIBIT 2**